UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COLIN LOVETTE BOSBY,<br><br>Defendant. | CASE NO. 1:16-CR-171-LJO-SKO<br><br>ORDER RE GOVERNMENT'S MOTIONS *IN LIMINE* IN SUPPORT OF EVIDENCE UNDER FRE 404(B) and 414<br><br>(ECF No. 28) |

Defendant Colin Lovette Bosby ("Defendant" or "Bosby") is charged with one count of Receipt or Distribution of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2), and two counts of Possession of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B). ECF No. 13. Trial in this matter is currently set for Tuesday, August 1, 2017 at 8:30 AM.

The Government moves *in limine* for the introduction of certain evidence against Defendant at trial pursuant to Federal Rules of Evidence ("FRE") 404(b) and 414. ECF No. 28. Defendant filed an opposition. ECF No. 30. Upon review of the papers and in light of the relevant law, the Court GRANTS the Government's request, as follows.

1

# I. LEGAL STANDARD

The term "*in limine*" means "at the outset." Black's Law Dictionary (10th ed. 2014). "A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area … In the case of a jury trial, a court's ruling 'at the outset' gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111-1112 (9th Cir. 2009). Pretrial motions such as motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986); *accord Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) ("[A] motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.").

At issue here are FRE 404(b) and 414. Under FRE 404(b), character evidence may be admissible for purposes of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Under FRE 414(a), in criminal cases involving a defendant accused of child molestation, "the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." FRE 414(d)(2) defines "child molestation" as any crime under federal law or under state law involving "any conduct prohibited by 18 U.S.C. chapter 110."

# II. DISCUSSION

The Government seeks to introduce the following evidence pursuant to FRE 404(b) and FRE 414:

1. Evidence that during the execution of the search warrant at Bosby's house on October 16, 2016, there was child pornography present on his computer screen. The child pornography appears to have been accessed through an internet search for "RU Little Pussy" among other search terms. Law enforcement capture this pornography and internet search in a search warrant photograph provided in discovery at Bates 300.

2. Evidence of child pornography located on a computer, external hard drive, and two USB drives seized from his house on October 16, 2016. The evidence to be introduced would not include images, but would be limited to evidence probative of the

defendant's intent and identity, including file names and forensic evidence.

3.   Evidence of Defendant's prior federal conviction for possession of child pornography in the Eastern District of California in Case No. 1:03-cr-5374-01 on or about May 4, 2004.

ECF No. 28 at 1-2.

Although the charges in the indictment apply only to Defendant's conduct from approximately February 4, 2015 until August 11, 2016, *see* ECF No. 13, the Government argues that FRE 404(b) and 414 permit admission of the above evidence under the standard set forth by the Ninth Circuit in *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000); *see also United States v. LeMay*, 260 F.3d 1018, 1026-1028 (9th Cir. 2001) (applying the *Glanzer* factors to FRE 404(b) and 414). These factors are:

(1) the similarity of the prior acts to be charged;
(2) the closeness in time of the prior acts to the acts charged;
(3) the frequency of the prior acts;
(4) the presence or lack of intervening circumstances; and
(5) the necessity of the evidence beyond the testimonies already offered at trial.

*LeMay*, 260 F.3d at 1028 (citing *Glanzer*, 232 F.3d at 1268). This list of factors is "not exhaustive," and "district judges should consider other factors relevant to individual cases." *Id.* "Because of the inherent strength of the evidence that is covered by Rule 414, when putting this type of evidence through the Rule 403 microscope, a court should pay careful attention to both the significant probative value and the strong prejudicial qualities of that evidence." *Id.* at 1027 (internal quotations and citations omitted). It is the Government's position that the application of the *Glanzer* factors strongly favors the admission of all of the evidence it has set forth notwithstanding the fact that the evidence relates to events both before and after what is charged in the indictment, as "the legislative history of Rule 413 and 414 reveals that Congress meant for its temporal scope to be broad and intended for courts to admit evidence pursuant to Rule 414 even where the prior conviction is remote in time." ECF No. 28 at 11-12.

Defendant argues, *inter alia*[1], that the evidence the Government seeks to introduce is not relevant to the charges in the indictment because the evidence pertains to events that happened outside of the time frame charged in the indictment, which therefore prejudices him, and that the *Glanzer* factors should not apply to events that occurred subsequent to the acts charged. ECF No. 30 at 2-4. Regarding his 2004 conviction, Defendant requests that any ruling on the admissibility of his 2004 conviction be held in abeyance until it is determined whether he will testify and whether his testimony would make that prior incident relevant. *Id.* at 2.

### *Admissibility of October 2016 Evidence*

The Court agrees with the Government's analysis of the *Glanzer* factors and that the October 2016 evidence (both the evidence of child pornography found on Defendant's computer screen and the child pornography found on an external hard drive during the execution of the October 2016 search warrant) is admissible. Defendant's argument that the *Glanzer* factors do not apply to subsequent conduct is unavailing. Although the court in *LeMay* considered the admissibility of prior conduct, *LeMay* is ultimately a decision instructing courts on the application of FRE 414, which states that "the court may admit evidence that the defendant committed any other child molestation." (emphasis added). The Court finds that all of the *Glanzer* factors support the admission of the October 2016 evidence: his October 2016 possession of child pornography is similar conduct to what he is charged with in this case, occurred about two months after the charged conduct, suggests that he possessed child pornography over an extended period of time, demonstrates a lack of intervening circumstances as Defendant was present when the search occurred, and Defendant does not dispute that the computer and external hard drive belonged to him. Furthermore, although the October 2016 would not be "absolutely necessary" to the Government's case, which concerns Defendant's conduct from February to August 2016, all that the

---

[1] Defendant's contention that this is not a "child molestation" case covered by FRE 414 is wrong. Although FRE 414 is titled "Similar Crimes in Child Molestation Cases," by its text, it defines "child molestation" to include any conduct prohibited by 18 U.S.C. chapter 110. 18 U.S.C. Chapter 110 pertains to "Sexual Exploitation and Other Abuse of Children" and includes both crimes charged in Defendant's indictment: sections 2252 and 2252A.

4

Ninth Circuit requires is that "it must be simply helpful or *practically necessary*." *LeMay*, 260 F.3d at 1030 (emphasis in original). As the Government notes in its motion, "Defendant's repeated possession and access of child pornography proves he was the person who downloaded child pornography on his computer. The defendant's possession of child pornography on flash drives throughout his home disproves the defendant's assertion in an interview that child pornography was on his computer because he was hacked." ECF No. 28 at 8.

FRE 403 also supports the admission of the October 2016 evidence because the probative value of this evidence is high (as demonstrated by the application of the *Glanzer* factors above), and the prejudicial effect is relatively low. The jury will be aware that Defendant is on trial for child pornography discovered in August 2016 and not October 2016.

Furthermore, the Government has indicated that it seeks to introduce evidence of Defendant's possession of child pornography on several digital devices under FRE 404(b) to demonstrate his motive, intent, plan, knowledge, identity and absence of mistake in possessing child pornography on these digital devices. The Court finds that the evidence is admissible under FRE 404(b) because it proves a material point, occurred very shortly after the charged conduct, and is sufficient to show that Defendant committed the acts charged. *See United States v. Verduzco*, 373, F.3d 1022, 1027 (9th Cir. 2004).

For the foregoing reasons, the Government's request for the admission of all of the October 2016 evidence is GRANTED.

### *Admissibility of 2004 Conviction*

The Court also agrees with the Government's argument that evidence of Defendant's 2004 child pornography conviction is admissible under FRE 414 pursuant to the *Glanzer* factors. Defendant's 2004 conviction was for a violation of 18 U.S.C. § 2252(a)(4), which is conduct similar to what he has been charged with in this case. Although there is a gap of approximately twelve years between the conduct charged in 2004 and the conduct charged in this case, because the 2004 conviction concerned conduct that is nearly identical to what is at issue here, the time factor does not weigh strongly against the

admission of the 2004 conviction. In the context of discussing FRE 404(b), the Ninth Circuit has noted that it "has not adopted a bright line rule concerning remoteness in time … and where the prior acts were similar to those charged, previous decisions upheld admission of evidence of acts up to twelve years old." *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (citing *United States v. Spillone*, 879 F.2d 514, 518-20 (9th Cir. 1989) and *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989). In assessing the frequency of the prior acts factor, the Court reviewed the docket for Defendant's 2004 conviction, which demonstrates that Defendant pled guilty to one count of Possession of Material Involving the Sexual Exploitation of Minors, and was subsequently sentenced to a 60-month term of imprisonment. *United States v. Bosby*, No. 03-cr-5374-AWI-1. Following Defendant's release for this term of imprisonment, he was charged with violating the terms of his supervised release. Case No. 03-cr-5374, ECF No.36, and returned to the custody of the BOP for a 5-month term, Case No. 03-cr-5374, ECF No. 51. The docket supports the Government's contention that Defendant's prior act "was not an instance of isolated conduct." *See* ECF No. 28 at 12. Regarding the presence or lack of intervening circumstances factor, the Court does not believe the 12-year gap to be an intervening factor in Defendant's favor. As defense counsel is aware and public records reflect, Defendant was incarcerated for a significant portion of those 12 years. In regard to the final factor, the 2004 conviction is not absolutely necessary for proving that Defendant is guilty of the offenses charged in the indictment, but at the very least, it is "helpful or practically necessary" to the Government's case. *See LeMay*, 260 F.3d at 1029.

FRE 403 also supports the admission of the 2004 conviction because it is "highly probative of his identity as the owner of the devices containing child pornography." *See* ECF No. 28 at 13. The Court is cognizant that evidence of Defendant's 2004 conviction is "emotionally charged and inflammatory," but finds that its probative value outweighs its prejudice to Defendant. *LeMay*, 260 F.3d at 1029.

Finally, although the Court finds that evidence of the 2004 conviction is admissible for the above reasons, the Court agrees with Defendant that the Government may not use the 2004 **conviction** for

purposes of impeachment unless Defendant decides to testify at trial.

Therefore, the Court will allow for the admission of evidence of the 2004 conviction as described below:

- If Defendant testifies, evidence of the 2004 **conviction** may be used for impeachment purposes;
- Whether or not Defendant testifies, the evidence of the conduct that resulted in his 2004 conviction may be admissible for FRE 404(b) purposes. However, the **extent** to which the actual conduct associated with this conviction can come in will be a FRE 403 issue for trial, and the Court will rule as necessary on objections raised by counsel.

IT IS SO ORDERED.

Dated:  **July 21, 2017**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE